UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES R. WOODS, a/k/a RANDY WOODS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 1:14-cv-01220-RLY-DML ) ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**ENTRY ON THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**I. Introduction**

James. R. Woods, Plaintiff, filed a request for judicial review of the final decision of Carolyn Colvin, Acting Commissioner of the Social Security Administration ("SSA"), denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. The court referred the matter to the Magistrate Judge, who issued her Report and Recommendation. The Magistrate Judge concluded that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence, and therefore recommended that the court affirm the determination that Plaintiff is not disabled within the meaning of Title II. This matter now comes before the court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## II. Standard of Review

The court reviews an ALJ's decision "deferentially only to determine if it is supported by substantial evidence." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014). *See* 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If the Commissioner's decision is supported by substantial evidence, the court on judicial review must uphold that decision even if the court might have decided the case differently in the first instance." *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Put another way, if reasonable minds can draw different conclusions as to whether the claimant is disabled, the court "must uphold the decision under review." *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). A reviewing court cannot "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). Furthermore, it is well established that "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but 'must build a logical bridge from the evidence to his conclusion.'" *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)).

The Magistrate Judge reviewed the ALJ's decision, and Plaintiff filed a timely objection to her Report and Recommendation pursuant to Rule 72(b). When a party raises specific objections to a Magistrate Judge's Report and Recommendation, the district court reviews those matters *de novo*, determining for itself whether the Commissioner's decision on those issues is supported by substantial evidence. Upon

conducting a review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**III. Discussion**

Plaintiff raises four specific objections to the Report and Recommendation. None of them compel the court to reverse and remand. Each objection is discussed in turn.

### A. "The ALJ's flawed Step Two decision represented critical error in the ALJ's RFC."

Plaintiff first argues that the ALJ erred by determining that Plaintiff had no severe mental impairments at Step Two of the sequential analysis. In his decision, the ALJ discussed Plaintiff's alleged mental impairments at length. (*See* R. at 38-41). Nonetheless, Plaintiff contends that the ALJ did not consider the evidence indicative of severe mental impairments of depression and general anxiety disorder, and instead merely focused on the evidence that supported a finding of non-severe impairments. According to Plaintiff, the record shows that his mental impairments are limiting in at least two broad functional areas: social functioning and concentration, persistence, or pace. It is well established that an ALJ may not "cherry-pick" evidence from the record to support his decision. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). That is not what occurred in this case though.

The Magistrate Judge thoroughly reviewed this exact argument and concluded that substantial evidence supported the ALJ's decision. Plaintiff offers only a brief objection to the Report and Recommendation on this point, noting that the ALJ failed to consider a

3

single statement he made to Richard J. Casserly, Psy.D., during a consultative examination and a single statement he made to Kim Grande, LMFT, during one of many visits.  However, the Seventh Circuit has made it abundantly clear that "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence . . . ."  *Minnick*, 775 F.3d at 935.  Moreover, Plaintiff's two subjective statements do not overcome the plethora of other evidence cited by the ALJ that supports a finding of non-severe mental impairments.  For example, the ALJ noted Dr. Casserly's mostly normal exam (R. at 39-40); Plaintiff's work on dog shows and his ability to maintain close personal relationships (R. at 39-41); Plaintiff's documented progress with therapy (R. at 39); Plaintiff's statement that he may be able to do vocational rehabilitation (*Id.*); Plaintiff's ability to perform various other activities, including volunteering for search-and-rescue operations (R. at 40); Plaintiff's own acknowledgment that his physical, not mental impairments, were limiting (R. at 41); and the fact that neither Plaintiff nor his attorney mentioned mental impairments during the hearing (R. at 41). The ALJ need only "build a logical bridge from the evidence to his conclusion," and he did that here.  *Minnick*, 775 F.3d at 935.  The court finds that substantial evidence supports the ALJ's Step Two decision.

Additionally, as the Commissioner emphasizes, Step Two is merely a threshold finding that allows a claim to proceed to the next step of the sequential evaluation.  The ALJ found that Plaintiff had at least one severe impairment at Step Two, so he correctly moved to the subsequent steps.  Whereas an ALJ is required "to consider the aggregate effect of the entire constellation of ailments" at Step Four, regardless of whether the

impairments are severe or non-severe, *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003), it is immaterial whether Plaintiff's mental impairments were deemed severe at Step Two. *Castile v. Astrue*, 617 F.3d 923, 927 (7th Cir. 2010) (concluding that the ALJ's finding of one impairment to be non-severe was "of no consequence" because the ALJ had also "recognized numerous other severe impairments"). This court previously held, "As long as the ALJ proceeds beyond step two, . . . no reversible error could result solely from his failure to label a single impairment as 'severe.' The ALJ's classification of an impairment as 'severe' or 'not severe' is largely irrelevant past step two." *Curtis v. Astrue*, 623 F. Supp. 2d 957, 968 (S.D. Ind. 2009) (some internal quotation marks omitted).

### B. "The ALJ's grant of a 'benefit of the doubt' is evidence of a severe impairment."

Next, Plaintiff takes issue with the following sentence from the ALJ's decision: "I find the claimant did not experience a severe mental impairment, but have afforded him the benefit of the doubt and concluded that the combination of his impairments limited him to simple, repetitive tasks requiring limited reading and writing." (R. at 38). Plaintiff offers a sweeping assertion that the ALJ's decision to give him the "benefit of the doubt" regarding his mental limitations is evidence that his mental impairments are, in fact, severe. Plaintiff offers no support whatsoever for this argument. Instead, Plaintiff merely speculates this "benefit of the doubt" language is an acknowledgement by the ALJ that there was evidence in the record to support a finding that the mental impairments are severe. Plaintiff's unsubstantiated speculation does not warrant remand.

5

As the Magistrate Judge concluded, the ALJ's choice to include mental limitations in the Residual Functional Capacity ("RFC") assessment does not invalidate his determination that Plaintiff's mental impairments are not severe. Rather, the language seized upon by Plaintiff merely demonstrates that the ALJ was complying with his duty to "consider the combination of all limitations on the ability to work, including those that do not individually rise to the level of a severe impairment." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010). *See* 20 C.F.R. § 404.1523. Furthermore, as already discussed, the ALJ's finding that Plaintiff's mental impairments are not severe is supported by substantial evidence.

### C. "The ALJ's failure to complete the proper analysis when devaluing Ms. Grande's opinion is reversible error."

Plaintiff next contends that the ALJ erred when he assigned little weight to Ms. Grande's opinion. Plaintiff specifically emphasizes that the ALJ was incorrect when he determined that Ms. Grande was not a "medically acceptable source." The Social Security Administration narrowly defines "acceptable medical sources" to include only five categories of medical professionals: (1) licensed physicians, (2) licensed or certified psychologists, (3) licensed optometrists, (4) licensed podiatrists, and (5) qualified speech-language pathologists. 20 C.F.R. § 404.1513(a). It is undisputed that Ms. Grande has a Master's in Psychology and is a Licensed Marriage and Family Therapist ("LMFT"). Plaintiff simply asserts, without any authority whatsoever, that Ms. Grande's Master's degree renders her an acceptable medical source. Plaintiff seemingly asks the court to equate someone who has a Master's in Psychology with a licensed psychologist, but

6

those are not the same. Based upon the plain language of the regulation, Ms. Grande does not fit into any of the five specified categories, and therefore does not qualify as a "medically acceptable source." *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) ("[A] licensed marriage and family therapist, is not an 'acceptable medical source' under 20 C.F.R § 404.1513(a)(2)."). Moreover, the SSA issued an opinion addressing this argument nearly ten years ago: "Medical sources who are not 'acceptable medical sources,' [include] . . . therapists." SSR 06-03p, 2006 SSR LEXIS 5 at *4 (S.S.A. 2006).

In that 2006 opinion, the SSA concluded that the six factors outlined in 20 C.F.R. § 404.1527(c)[1], which govern the weight assigned to medical opinions from acceptable medical sources if such opinions are not given controlling weight, *can* be used in evaluating the opinion of someone who is a "medical source" but not an "acceptable medical source." *Id.* at *10-11. However, "[n]ot every factor for weighing opinion evidence will apply in every case" and the evaluation "depends on the particular facts in each case." *Id.* at *12. In the context of reviewing an ALJ's decision to not afford a treating physician's opinion controlling weight, the Seventh Circuit held that the ALJ's determination must stand "so long as the ALJ 'minimally articulate[d]' his reasons." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (quoting *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008)). The *Elder* court added that this is "a very deferential standard

---

[1] These factors include (1) "examining relationship"; (2) "treatment relationship"; (3) "supportability"; (4) "consistency"; (5) "specialization"; and (6) "other factors." 20 C.F.R. § 404.1527(c).

that we have, in fact, deemed 'lax.'" *Id.* The court sees no principled reason not to apply the standard outlined in *Elder* to this dispute, as the issues are analogous.

Here, Plaintiff correctly states that the ALJ did not explicitly address the six regulatory factors. That fact, in and of itself, does not constitute reversible error though. *See e.g., Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013) ("[W]hile the ALJ did not explicitly weigh each factor in discussing Dr. Belford's opinion, his decision makes clear that he was aware of and considered many of the factors."); *Henke v. Astrue*, 498 F. App'x 636, 640 n.3 (7th Cir. 2012) ("The ALJ did not explicitly weigh every factor while discussing her decision to reject Dr. Preciado's reports, but she did note the lack of medical evidence supporting Dr. Preciado's opinion . . . and its inconsistency with the rest of the record . . . . This is enough.")[2]. Despite not directly quoting the list of factors, the ALJ "minimally articulated his reasons" for discounting Ms. Grande's opinion. *Elder*, 529 F.3d at 415. Specifically, the ALJ found that Ms. Grande's opinion was inconsistent with her own treatment records and lacked evidentiary support. Whereas these two findings unquestionably correspond to two of the regulatory factors (namely, factors three and four), the ALJ's discussion indicates that he was aware of and considered the factors. Like in *Schreiber* and *Henke*, this is enough.

---

[2] Plaintiff's arguments that *Henke* is distinguishable on the facts, even if accepted, do not detract from the Seventh Circuit's general proposition that an ALJ need not explicitly weigh every factor set forth in 20 C.F.R. § 404.1527(c).

### D. "The ALJ's RFC fails to properly include the entirety of Plaintiff's functional limitations."

Plaintiff's last objection to the Report and Recommendation is that the ALJ failed to account for the full extent of Plaintiff's fatigue when he limited Plaintiff to simple, routine, and repetitive tasks in the RFC. Plaintiff appears to argue that the ALJ only included this single limitation for Plaintiff's fatigue, but that is simply not true. In addition to limiting Plaintiff to simple, routine, and repetitive tasks, the ALJ wrote, "Due to his fatigue, [Plaintiff] is to avoid driving, operating moving machinery and is to avoid concentrated exposure to large bodies of water, exposed flames, unprotected heights and unguarded hazardous machinery such as a punch press." (R. at 43). Plaintiff emphasizes that the limitation to simple, routine, and repetitive tasks is not sufficient, but, again, the ALJ included more limitations than just that. Moreover, Plaintiff fails to offer any explanation as to why the limitations provided in the RFC are insufficient. He also does not propose any additional limitations that he believes the ALJ should have included. His unsupported assertion of error does not warrant remand.

**IV. Conclusion**

For the foregoing reasons, the court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 23). Accordingly, the decision of the ALJ is **AFFIRMED**.

**SO ORDERED** this 30th day of September 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.